UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

SUPERIOR BOAT WORKS, INC.,                                         CASE NO. 09-15836-NPO

DEBTOR.                                                                          CHAPTER 11

MEMORANDUM OPINION DENYING MOTION OF
4H CONSTRUCTION CORPORATION, AN UNSECURED CREDITOR,
FOR DISMISSAL OF DEBTOR'S CHAPTER 11 BANKRUPTCY CASE

On May 21, 2010, this matter came before the Court for hearing (the "Hearing") on the Motion of 4H Construction Corporation, an Unsecured Creditor, for Dismissal of Debtor's Chapter 11 Bankruptcy Case (the "Motion for Dismissal")(Dkt. #64) filed by 4H Construction Corporation ("4H Construction") and the Objection and Memorandum Brief in Opposition to Motion of 4H Construction Corporation, an Unsecured Creditor, for Dismissal of Debtor's Chapter 11 Bankruptcy Case (the "Objection and Memorandum Brief")(Dkt. #83) filed by the Debtor, Superior Boat Works ("Superior"), in the above-styled chapter 11 proceeding. At the Hearing, J. Rabun Jones, Jr. represented 4H Construction, and William R. Armstrong, Jr. represented Superior. After the Hearing, Superior submitted Debtor's Supplemental Brief in Opposition to Motion to Dismiss filed by 4H Construction Corporation ("Superior's Supplemental Brief")(Dkt. #88) and 4H Construction submitted 4H Construction Corporation's Supplemental Brief in Support of Motion to Dismiss ("4H Construction's Supplemental Brief")(Dkt. #93). The Court, having considered the pleadings and briefs as well as the arguments of counsel present at the Hearing, finds that the Motion for Dismissal is not well-taken and should be denied as set forth herein. Specifically, the Court finds as follows:[1]

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052 and 9014.

Page 1 of 13

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O). Notice of the Hearing was proper under the circumstances.

## Facts

Superior was administratively dissolved on December 30, 2003, pursuant to Miss. Code Ann. § 79-4-14.20. The former Miss. Code Ann. § 79-4-14.22 allowed a dissolved corporation to seek administrative reinstatement within five years of the effective date of dissolution. Superior filed for relief under the Bankruptcy Code on November 6, 2009, well after the five-year period for administrative reinstatement had expired. 4H Construction filed its Motion for Dismissal on April 22, 2010. The basis of 4H Construction's Motion for Dismissal is that Superior had no authority to file a chapter 11 bankruptcy petition since it had no authority to reinstate as a viable corporate entity under Mississippi law. Miss. Code Ann. § 79-4-14.22 was revised as of July 1, 2009, to allow a dissolved corporation to seek reinstatement at any time after the effective date of dissolution. *See*, 2009 Miss. Laws Ch. 527 (H.B. 515) and 2009 Miss. Laws Ch. 530 (S.B. 3060). As discussed later, this Court finds that neither version applies to this inquiry.[2]

## Issue

May a corporation that has been administratively dissolved pursuant to Mississippi law file a chapter 11 petition to liquidate when the statutory period for administrative reinstatement has run?

---

[2] At the Hearing, Mr. Armstrong alluded to the fact that dissolved corporations which had been denied administrative reinstatement by the Secretary of State could have the denial reviewed by the Chancery Court of the First Judicial District of Hinds County or the chancery court of the county where the corporation was domiciled. *See* Miss. Code Ann. § 79-4-14.23. This Court finds that this statute also is inapplicable to this inquiry for the same reasons set forth herein.

Page 2 of 13

## Discussion

Superior is not seeking reinstatement under Mississippi law, nor is it seeking to reorganize under chapter 11. Superior is seeking solely to liquidate through chapter 11 proceedings. The Fifth Circuit has expressly recognized that liquidation is an appropriate use of chapter 11. Sandy Ridge Dev. Corp. v. Louisiana Nat'l Bank (In re Sandy Ridge Dev. Corp.), 881 F.2d 1346, 1352 (5th Cir. 1989). *See also*, In re Statepark Bldg. Group, Ltd., 316 B.R. 466, 474 (Bankr. N.D. Tex. 2004) ("[L]iquidation of a state created entity thorough a Chapter 11 was not only authorized, but specifically contemplated by Congress when it enacted the Code."); St. Petersburg Fed. Savings & Loan Ass'n v. Vincent (In re Vincent), 7 B.R. 866, 870 (Bankr. M.D. Fla. 1980) ("The Bankruptcy Code now expressly permits a plan under Chapter 11 which contemplates...a liquidating plan at the outset."); Farley v. Coffee Cupboard, Inc. (In re Coffee Cupboard, Inc.), 119 B.R. 14, 19 (Bankr. E.D.N.Y. 1990) ("While the primary purpose of Chapter 11 is reorganization, liquidation is not prohibited."); 7 COLLIER ON BANKRUPTCY ¶1100.01 (Alan N. Resnick & Harry J. Sommer eds., 16th ed.) ("Chapter 11 of the Bankruptcy Code provides an opportunity for a debtor to reorganize...or to engage in an orderly liquidation of its property....").

State law, however, controls the question of whether a corporation has capacity to file a petition under the Bankruptcy Code. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 127-28 (1937). Miss. Code Ann. § 79-4-14.21(c) provides that "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs...." Miss. Code Ann. § 79-4-14.05 allows a dissolved corporation to continue its business for purposes of winding up and liquidating its business and affairs, including:

(1) Collecting its assets;
(2) Disposing of its properties that will not be distributed in kind to its shareholders;
(3) Discharging or making provision for discharging its liabilities;
(4) Distributing its remaining property among its shareholders according to their interests; and
(5) Doing every other act necessary to wind up and liquidate its business affairs.

The statute further provides that "[d]issolution of a corporation does not... prevent commencement of a proceeding by or against the corporation in its corporate name." Miss. Code Ann. § 79-4-14.05(b) (1972). The statute uses the word "including" before listing possible actions a corporation may pursue, suggesting that the list is not exclusive. This point is further supported by the catch-all provisions of subsection five allowing a dissolved corporation to pursue "every other act necessary to wind up and liquidate its business affairs." Miss. Code Ann. § 79-4-14.05(a)(5) (1972).

I.   Dissolved Corporations May Liquidate Through Chapter 11

While no Mississippi case[3] exists that speaks to the eligibility of a dissolved corporation to seek relief under chapter 11, there are cases from states with laws similar to Mississippi that address this question. Case law from Indiana, Arizona, and Delaware (applying Wyoming law) is particularly persuasive as these states all have statutes that are similar, if not identical to Mississippi, and bankruptcy courts in these states have addressed the issue of eligibility of a dissolved corporation to liquidate pursuant to the Bankruptcy Code. *See* In re Tri-Angle Distributors, Inc., 102 B.R. 151 (Bankr. N.D. Ind. 1989); In re Prism Properties, Inc., 200 B.R. 43 (Bankr. D. Ariz. 1996); Santa Fe Minerals v. Bepco (In re 15375 Memorial Corp.), 382 B.R. 652 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (U.S.D.C. Del. 2009), *aff'd*, 589 F.3d 605 (3d Cir. 2009).

---

[3] This Court, therefore, has considered the rules of statutory construction and the various factors for making an Erie guess listed in cases such as Hodges v. Mack Trucks, Inc., 474 F.3d 188, 199 (5th Cir. 2006)(citations omitted).

In Tri-Angle Distributors, the bankruptcy court found that a dissolved corporation retains capacity to file a chapter 7 petition for the purpose of winding up and liquidating its business and affairs under Indiana law. 102 B.R. at 152. The court examined Ind. Code § 23-1-45-5 and Ind. Code § 23-1-46-2 which are nearly identical to Miss. Code Ann. § 79-4-14.21 and Miss. Code Ann. § 79-4-14.05. Id. Just like in Mississippi, an Indiana corporation that has been dissolved may carry on any business necessary for discharging liabilities and every other act necessary to wind up its business. Id. Since nothing in any Indiana statute expressly prohibited a dissolved corporation from filing a chapter 7 petition for the purposes of liquidation, the bankruptcy court concluded that liquidation in this manner was "entirely consistent with the Indiana statutes concerning dissolved corporations." Id. at 153. The court found it plainly foreseeable that bankruptcy liquidation may be a result of its statutory scheme, and thus, there was no discussion of the possibility of reinstatement or the idea that the ability to reinstate must first exist before bankruptcy is an option. Id. at 152.

When faced with determining a dissolved corporation's eligibility to file a chapter 11 petition, the Prism Properties court found that liquidation through chapter 11 proceedings would be permissible for a dissolved corporation. 200 B.R. at 43. Since, however, that particular debtor's chapter 11 plan was a plan of reorganization disguised as a plan of liquidation, the case had to be dismissed as it was an improper attempt to reorganize. Id. In Prism Properties, the debtor corporation was dissolved on September 10, 1990, yet did not file its chapter 11 petition until November 20, 1995. Id. at 44-45. A creditor of the dissolved corporation then moved to dismiss or to convert the chapter 11 case to a chapter 7 case. The bankruptcy court held that a dissolved corporation may be eligible to file a petition for relief under either chapter 7 or chapter 11 of the Code. Id. at 44-45. In examining relevant Arizona statutes, the court turned to A.R.S. § 10-1421, which in pertinent part, is the Arizona equivalent of Miss. Code Ann. § 79-4-14.21(c)

in that it gives the corporation power to continue its corporate existence but not carry on any business, except that which is "necessary to wind up and liquidate its business and affairs." Id. The court held that since a dissolved corporation has the ability to settle claims, wind up its assets, and liquidate its business and affairs under state law, liquidation through chapter 7 or chapter 11 was proper. Id. at 47.

As Superior pointed out in its Supplemental Brief, the Prism Properties decision also suggests that a dissolved corporation's ability to reinstate is irrelevant as to whether the dissolved corporation may pursue liquidation through bankruptcy. Id. Footnote two indicates that any applicable reinstatement statute that could possibly be applied to the facts would have provided for either a six month or a three year period to reinstate, and regardless of which law applied, the debtor would not be able to reinstate. Id. Following this logic would render the five-year period for administrative reinstatement in the former Miss. Code Ann. § 79-4-14.22 completely inapplicable regarding a dissolved corporation's ability to liquidate through bankruptcy.

In 15375 Memorial Corp., the bankruptcy court discussed a dissolved corporation's ability to file chapter 11 under applicable Wyoming law. The court found that where state laws permit a dissolved corporation to remain in existence for the limited purpose of winding up its affairs, the dissolved corporation should be eligible to liquidate through bankruptcy. 382 B.R. at 681. In applying Wyoming Bus. Corp. Act § 17-16-1405, which is identical to Miss. Code Ann. § 79-4-14.05, the bankruptcy court found that this statute authorized a dissolved corporation to maintain its corporate existence so as to wind up its affairs. Id. The court determined that liquidation is essentially the ultimate wind up, and even though the subject corporation had been dissolved almost six years prior to filing for chapter 11 relief, it was still an eligible debtor under the Bankruptcy Code and Wyoming law. Id. at 658, 660, 681. Although the District Court of Delaware reversed the bankruptcy court and remanded the case to be dismissed, finding that the

dissolved corporation had not filed bankruptcy in good faith, its opinion did not dispute the eligibility of the dissolved corporation to file chapter 11 had it filed in good faith. In re 15375 Memorial Corp., 400 B.R. 420, 422 (D. Del. 2009). The District Court decision was later affirmed by the Third Circuit. In re 15375 Memorial Corp., 589 F.3d 605 (3d Cir. 2009).

Tri-Angle Distributors, Prism Properties, and 15375 Memorial Corp. all involve state statutes that are similar, if not identical, to the Mississippi statutes applicable to this issue. This Court is persuaded that statutory language authorizing a dissolved corporation to do "every other act necessary to wind up and liquidate its business affairs" must include liquidating through bankruptcy proceedings regardless of whether the dissolved corporation has statutory authority to reinstate.

## II. 4H Construction's Misplaced Reliance on Gas Pump

4H Construction relies primarily on Gas Pump for the proposition that an administratively dissolved corporation does not have the capacity to initiate any action, including bankruptcy. The Gas Pump Inc. v. Gen. Cinema Beverages of North Florida, Inc., 436 S.E.2d 207 (Ga. 1993). In Gas Pump, the Eleventh Circuit certified the following question to the Georgia Supreme Court: "Whether a corporation that is administratively dissolved pursuant to Section 14-2-1421 of the Official Code of Georgia Annotated has the capacity to bring a federal antitrust claim?" Id. at 207. The Georgia Supreme Court held that the administratively dissolved corporation in question lacked capacity to file a federal antitrust action due to the expiration of a two year statutory period for a corporation to reinstate. Id. at 208. The Georgia Supreme Court explicitly limited its holding to the particular dissolved corporation and its capacity to bring an antitrust action. Id. at 209. It pointed out that the limitations contained in Georgia statutes are fact-sensitive, and the factual analysis of what is "necessary" for winding up will be different for every corporation. Id. This Court finds the applicability of Gas Pump to be weakened by: (1)

the Georgia Supreme Court's statement that its holding did not apply to every administratively dissolved corporation, (2) the substantial differences in Georgia's statutory scheme and applicable Mississippi laws, and (3) the fact that an orderly bankruptcy liquidation for the benefit of creditors is significantly more relevant to a dissolved corporation's winding up than pursuit of a federal antitrust action.

### III. Reconciling Decisions from the Second Circuit and Courts Within the Second Circuit Regarding the Capacity of Dissolved Entities to File Chapter 11

Decisions from the Second Circuit and the Bankruptcy Court for the Southern District of New York also provided guidance, however decisions from these courts do not conclusively indicate a clear consensus regarding chapter 11 filings by dissolved corporations and/or partnerships. In an effort to reconcile five noteworthy cases from these courts, the Court finds it most appropriate to discuss the cases in chronological order.

In 1985, the Second Circuit held that a Connecticut corporation that had been administratively dissolved was eligible to liquidate under chapter 11 and rejected the notion that a dissolved corporation lacked capacity to commence a voluntary bankruptcy proceeding. New Haven Radio, Inc. v. Meister (In re Martin-Trigona), 760 F.2d 1334, 1342 (2d Cir. 1985). The debtor corporation was dissolved in May of 1980 and filed bankruptcy shortly thereafter in September of 1980. Id. While the Second Circuit did mention that Connecticut's statutory scheme allowed reinstatement within three years of dissolution, it did not construe the law in such a way as to limit its holding to only dissolved corporations that have the legal option of reinstatement. Id. The court noted that instead of winding up pursuant to state law, the corporation merely "sought the added protections of the Federal Bankruptcy Code." Id. Since nothing in Connecticut's statutory scheme prevented this, the court found liquidation through chapter 11 to be "fully consistent with the plan and purpose of the Connecticut statute

authorizing dissolution." Id. Additionally, the Second Circuit stated that to deny the corporation the benefits of liquidation under the Code would be "contrary to the central purpose of the Federal Code." Id.

In 1988, the issue of a dissolved corporation's eligibility for chapter 11 was again before the Second Circuit. The appellate court found that a dissolved corporation was eligible to reorganize under chapter 11 despite having been dissolved six years prior to its filing. Cedar Tide Corp. v. Chandler's Cove Inn, Ltd. (In re Cedar Tide Corp.), 859 F.2d 1127, 1131 (2d Cir. 1988). The corporation was later reinstated, but, once again, the court based its decision on the fact that there was no explicit language in any applicable New York law that prevented the dissolved corporation from pursuing bankruptcy. Id. at 1132.

After Cedar Tide, the Second Circuit had determined that a dissolved corporation was eligible to file chapter 11 seeking either liquidation or reorganization. Cedar Tide, 859 F.2d at 1132; Martin-Trigona, 760 F.2d at 1342. The state of the law in the Second Circuit became less clear once the court began deciding how to deal with dissolved partnerships, as distinguished from dissolved corporations, filing bankruptcy under chapter 11.

When faced with its next question of eligibility, the Second Circuit held that a dissolved New York partnership was not eligible for chapter 11 relief. C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304 (2d Cir. 1997). Notably, the partnership was seeking reorganization through its chapter 11 filing and not merely liquidation. Id. at 1307. The Second Circuit affirmed the Bankruptcy Court for the Northern District of New York's dismissal of C-TC's chapter 11 petition on the grounds that the filing was made in bad faith and that the dissolved partnership was ineligible for relief under this section of the Code as it was not an entity that could reorganize under New York partnership laws. Id. However, on appeal, C-TC argued for the first time that even if it could not reorganize through chapter 11 proceedings, it

could liquidate. Id. at 1309. Although the issue of liquidation was waived since it was not raised in the district court, the Second Circuit addressed it in dictum stating, "while a debtor may conclude chapter 11 proceedings by liquidating and may even enter them with an intent to liquidate if necessary, there is no reason a debtor should be permitted to enter these proceedings without a possibility of reorganization." Id. This statement from C-TC formed the basis of the Bankruptcy Court for the Southern District of New York's later decision, In re Hagerstown Fiber Ltd. P'ship, 226 B.R. 353 (Bankr. S.D.N.Y. 1998).

Before Hagerstown and a few months after C-TC, the Bankruptcy Court for the Southern District of New York ruled that a dissolved partnership is eligible for chapter 11 relief in New York when the relief sought is liquidation. In re Shea & Gould, 214 B.R. 739, 746 (Bankr. S.D.N.Y. 1997). The bankruptcy court declined to follow the dictum from C-TC, stating that the dictum was plainly "not on all fours" with the case at hand. There were a number of distinguishing circumstances, namely that the intent of the chapter 11 filing in C-TC was reorganization, while the intent of the chapter 11 filing in Shea & Gould was liquidation. Id. at 744. The bankruptcy court noted that a dissolved New York entity, whether it be a partnership or a corporation, has a "cognizable legal existence for the purpose of winding up its affairs." Id. at 747. The court also discussed Martin-Trigona and the Second Circuit's decision to allow a dissolved corporation to wind up its affairs and liquidate through chapter 11 stating, "[w]e do not read that opinion as making the fact that the corporate debtor had the option under state law to seek reinstatement and then reorganize relevant to the court's decision to permit the debtor to wind up its affairs pursuant to a chapter 11 liquidating plan." Id.

After the C-TC court held that a dissolved partnership was ineligible for reorganization under chapter 11 and the Shea & Gould court held that a dissolved partnership was eligible for liquidation under chapter 11, the Bankruptcy Court for the Southern District of New York was

again faced with the issue of a dissolved partnership filing a chapter 11 in Hagerstown. The bankruptcy court issued its first opinion in Hagerstown on August 24, 1998. This opinion followed C-TC in finding that a dissolved partnership is ineligible to file chapter 11 for the purpose of reorganization. In re Hagerstown Fiber Ltd. P'ship, 1998 WL 538607, at *10 (Bankr. S.D.N.Y. Aug. 24, 1998). The bankruptcy court's first opinion also followed Shea & Gould in stating that a dissolved partnership can file chapter 11 for the purpose of liquidation. Id. But, since the debtor, Hagerstown, had filed bankruptcy for the express purposes of reorganization, the chapter 11 case was dismissed. Id. at *11.

Months later, on November 3, 1998, the bankruptcy court in Hagerstown granted a motion for reargument and reconsidered the aspect of its earlier decision stating that a dissolved partnership had the ability to liquidate through chapter 11 proceedings pursuant to Shea & Gould. Hagerstown, 226 B.R. at 355. This second opinion went on to state that C-TC prevents the debtor, a dissolved limited partnership, from liquidating through chapter 11. Id. at 355-56. Despite the bankruptcy court's stated agreement with the Shea & Gould pronouncement that C-TC's "discussion of the waived liquidation argument is dicta" and its own statement that "bankruptcy liquidation is more efficient, and in ways more advantageous, than a non-bankruptcy liquidation," the court concluded that "C-TC established a bright line test for chapter 11 eligibility without regard to rehabilitation or liquidation. In either case, the debtor must have the legal 'option' to continue its business." Id. at 358-59. The court went on to state that "liquidation is not the proper function of the special remedy of chapter 11," suggesting that it would be impermissible for an entity to enter chapter 11 with the sole intent of liquidating. Id. at 357 (quoting In re Fitzgerald Group, 38 B.R. 16, 18 (Bankr. S.D.N.Y. 1983)).[4]

---

[4] The Fifth Circuit has expressly recognized that liquidation through a chapter 11 is proper. Sandy Ridge, 881 F.2d at 1352.

The cases from the Second Circuit and the bankruptcy courts within the Second Circuit support the following conclusions: (1) a dissolved corporation may pursue liquidation through chapter 11 proceedings as a means of winding up its corporate affairs. Martin-Trigona, 760 F.2d at 1342; (2) a dissolved corporation may pursue reorganization through chapter 11 proceedings. Cedar Tide Corp., 859 F.2d at 1131; (3) a dissolved partnership may not reorganize through chapter 11 proceedings since it is not an entity that is eligible to be reinstated once dissolved under New York law. C-TC, 113 F.3d at 1307; (4) a dissolved partnership may liquidate through chapter 11 proceedings since it has a "cognizable legal existence for the purpose of winding up its affairs." Shea & Gould, 214 B.R. at 747; but, contrasted with, (5) a dissolved partnership may not liquidate through chapter 11 proceedings since it does not have the legal option to continue its business. Hagerstown, 226 B.R. at 358.

However, as the Bankruptcy Court for the Northern District of Texas has noted, nothing from the Fifth Circuit (or Texas partnership law) suggests that a dissolved partnership would be prevented from liquidating through chapter 11 proceedings. In re Statepark Bldg. Group, Ltd., 316 B.R. 466, 474-75 (Bankr. N.D. Tex. 2004). In Statepark, the court indicated that the statement from the C-TC case making the possibility of reorganization a prerequisite for a partnership to file chapter 11 was not binding as it was dictum, did not address an actual issue in the C-TC case, and was from another circuit. Id. Further, Statepark pointed out the disconnect among bankruptcy courts in the Second Circuit regarding a dissolved partnership's eligibility to seek relief in chapter 11 proceedings. Id. (See Shea & Gould, 214 B.R. at 747; Hagerstown, 226 B.R. at 357). Citing existing Fifth Circuit precedent and Texas partnership laws, the Statepark court held that a dissolved partnership "is eligible to seek relief under Chapter 11 when the relief sought is liquidation." Id. at 475.

## Conclusion

This Court is persuaded by the line of cases that leaves the door to bankruptcy open for dissolved corporations in pursuit of their statutory duty to wind up and liquidate business affairs. The Court finds the ability of Superior to reinstate as a viable corporation to be irrelevant to its ability to liquidate through a chapter 11 proceeding. Mississippi statutes provide dissolved corporations broad discretion to wind up, and nothing in Mississippi's statutory scheme suggests that reinstatement must be available before a corporation can do "every other act necessary to wind up and liquidate its business affairs." Miss. Code. Ann. § 79-4-14.05(a)(5). Liquidation through bankruptcy is consistent with Mississippi laws and therefore remains a viable option for dissolved corporations in this state.

For the reasons stated herein, the Court finds that the Motion for Dismissal is not well-taken and should be denied. A separate order consistent with this Memorandum Opinion will be entered by the Court on accordance with Bankruptcy Rules 7054 and 9014.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: August 12, 2010