UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

SUPERIOR BOAT WORKS, INC.,                                CASE NO. 09-15836-NPO

DEBTOR.                                                   CHAPTER 11

### MEMORANDUM OPINION AND ORDER REGARDING CONFIRMATION OF AMENDED PLAN OF REORGANIZATION

This matter came before the Court for hearing on October 11, 2012 (the "Confirmation Hearing"),[1] to consider the Amended Plan of Reorganization (the "Plan") (Dkt. 449) and the Report of Ballots and Request for Confirmation Pursuant to 11 U.S.C. § 1129(b)(1) (the "Ballots Report") (Dkt. 480), submitted by the Debtor, Superior Boat Works, Inc. ("Superior"). No objection to the Plan was filed. At the Confirmation Hearing, William R. Armstrong, Jr. represented Superior. After having heard the evidence and the arguments of counsel, the Court took the matter under advisement, and now finds that the Plan is confirmable for the reasons that follow.[2]

### Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and (O). Notice of the Confirmation Hearing was proper under the circumstances.

---

[1] That same day, the Court heard the Motion for Determination of Administrative Expenses of L. Brent Enterprises, Inc. (Dkt. 281), the proposed Order (Dkt. 354), and L. Brent Enterprises, Inc. Proposed Findings of Fact and Conclusions of Law (Dkt. 484) filed by L. Brent Enterprises, Inc., which are the subject of a separate opinion. See Memorandum Opinion and Order Regarding Motion for Determination of Administrative Expenses of L. Brent Enterprises, Inc. (Dkt. 499).

[2] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**Facts**

According to the Amended Superior Boat Works' Disclosure Statement (Dkt. 320), Superior was a Mississippi corporation that operated a small shipyard located in Lake Ferguson near Greenville, Mississippi, where it repaired and constructed ships and barges. In March, 2009, Superior closed the shipyard, terminated all of its employees, and filed a petition for relief under chapter 11 for the purpose of liquidating its assets. Consistent with that purpose, Superior has sold most of its personal property.

Superior has proposed a Plan that will distribute its liquidated assets upon its effective date. The Plan designates four classes of claims. Superior asserts that Classes 1, 2, and 3 are impaired classes of creditors. Superior also contends that Classes 1 and 2 are accepting classes for voting purposes, whereas Class 3 is not.

According to the Ballots Report and the Plan, Class 1 consists of five administrative claims, totaling $9,686.43. Superior proposes to pay Class 1 in full on the effective date. Class 2 consists of one allowed secured tax claim held by the Mississippi Department of Revenue, formerly known as the Mississippi State Tax Commission (hereinafter "MDOR"). Superior proposes to pay MDOR $63,395.15, the full amount of its claim, plus interest at 12%.

Class 3 consists of seventy general unsecured claims, totaling $1,367,613.30. Superior proposes to pay each member of Class 3 a *pro rata* share of any cash available for distribution. It does not appear that there will be sufficient funds to pay all unsecured creditors in full. Class 4 consists of two equity security holders who will not receive any distribution under the Plan. Class 4 has no voting rights. The Plan also accounts for certain unclassified claims, including administrative expense claims, priority tax claims, and U.S. Trustee fees, all to be paid in full on the effective date.

As evidenced by the Ballots Report, all of the members in Classes 1 and 2 voted to accept the Plan. In Class 3, six of the seventy members cast ballots, and all six members voted to accept the Plan. The six members hold claims in the total amount of $1,031,819.80. No Class 3 member voted to reject the Plan.

At the Confirmation Hearing, Superior asked the Court to confirm the Plan in a "cramdown" under 11 U.S.C. § 1129(b).[3] The Court has an independent duty to review the Plan to determine whether it satisfies the confirmation requirements in § 1129. *Williams v. Hibernia Nat'l Bank (In re Williams)*, 850 F.2d 250, 253 (5th Cir. 1988).

## Discussion

The standards for confirming a plan of reorganization are listed in § 1129(a). Confirmation of a chapter 11 plan is permissible if each impaired class accepts the plan. 11 U.S.C. § 1129(a)(8). There is an exception that permits the confirmation of a plan that has been rejected by an impaired class of creditors. 11 U.S.C. § 1129(a)(10). A plan is confirmable despite its rejection by an impaired class, if the debtor can demonstrate three criteria: (1) that at least one impaired class voted to accept the plan, (2) that the plan is "fair and equitable" with respect to the dissenting class, and (3) that the plan does not discriminate unfairly against the dissenting class. 11 U.S.C. § 1129(b)(1).

Superior maintains that Class 3 is not an accepting class, but that both Classes 1 and 2 are accepting classes. Therefore, Superior asserts that it may "cram" the Plan "down" on Class 3. Much of the discussion at the Confirmation Hearing focused upon whether Classes 1 and 2 are indeed "impaired" classes pursuant to § 1124, so that their votes count in the cramdown analysis. Under § 1124, a class of creditors is impaired unless the Plan "leaves unaltered the legal,

---

[3] Hereinafter, the "Code" refers to the U.S. Bankruptcy Code found at Title 11 of the U.S. Code, and all code sections refer to the Code unless specifically noted otherwise.

equitable, and contractual rights" to which they are otherwise entitled. 11 U.S.C. § 1124(1). As to Class 1, the Plan appears to provide for payment in full of all claims, although such a finding would require a thorough analysis of each individual claim. As to Class 2 and its sole member, MDOR, there is a split of authority as to whether a secured tax claim may be considered an impaired class because its treatment is mandated by § 1129(a)(9)(D). *Compare In re Mangia Pizza Invs., LP,* No. 10-13235, 2012 WL 2194145 (Bankr. W.D. Tex. June 14, 2012) (holding that a secured tax claim could not qualify as an impaired class for purposes of cramdown because tax claimants are guaranteed preferential treatment under § 1129(a)(9)(C)) *with In re Greenwood Point, LP*, 445 B.R. 885, 906-07 (Bankr. S.D. Ind. 2011) (holding that a secured tax claim may constitute an impaired class under § 1129(a)(10) if, for example, a tax claimant agrees to different treatment).

Notwithstanding Superior's attempt to tow the Court into an ocean of cramdown requirements in § 1129(b), the Court finds that the better course is to remain in the dry dock provided by § 1129(a). This course is set by the Ballot Report, which reveals that Class 3 voted to accept the Plan after all. Thus, a determination as to whether Classes 2 and 3 are impaired for purposes of voting and cramdown is wholly unnecessary.

Under § 1126(c), a class of creditors is deemed to have accepted the plan "if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors . . . *that have accepted or rejected such plan*." 11 U.S.C. § 1126(c) (emphasis added). Superior asserts that Class 3 is not an accepting class because "less than 50% of the number of holders of allowed claims filed ballots accepting the Amended Plan." (Dkt. 480). Superior apparently misunderstands the acceptance requirements for consensual plan confirmation. As explained in a well-regarded

treatise on bankruptcy law, "only creditors that actually voted count in determining whether the requisite majorities in number and amount are met." 7 COLLIER IN BANKRUPTCY ¶ 1126.04 (16th ed. 2012). Superior's mistake is that it applied the acceptance formula to the number of Class 3 members, rather than to the number of ballots cast by the Class 3 members (excluding the acceptances of any insider). Because all six members in Class 3 who did cast ballots, voted to accept the Plan, there is consensual confirmation of the plan under § 1129(a)(8) and cramdown under § 1129(b) is inapplicable.

## Conclusion

Notwithstanding Superior's assertions to the contrary, the Court finds that Class 3 is an accepting class and that the Plan satisfies the requirements of § 1129(a). Therefore, Superior is entitled to an order confirming the Plan.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: November 21, 2012